Wheeler v. Mortland.

Mr. JOHN G. HENDERSON, for appellee.

## NORA WHEELER
### v.
## WILLIAM MORTLAND.

*Life Insurance—Surrender of Wife's Policy by Husband—Equity Jurisdiction.*

Where the husband surrenders a policy of insurance on his life, payable to his wife, to the insurance company, in exchange for a policy in favor of his children, and upon his death payment of the latter policy is made to the guardian of the children, the widow can not maintain a bill against the guardian for the amount of the policy, as a court of equity is without jurisdiction, and there is no privity between the parties.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Calhoun County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. GREATHOUSE & BROWN, for appellant.

Mr. T. J. SELBY, for appellee.

The contract of insurance was between the association and Arthur W. Argust, and is not such a case as comes within the provisions of Sec. 54 R. S. (1874), 607.

The first policy was surrendered back to the association and subsequently another policy taken out for the benefit of the Argust children. The latter contract was also between. the association and Arthur W. Argust, and appellee contends that the insured had full right to make such contract at the time he did so. It was in accordance with the terms of this new contract that appellee, as guardian, received the money in question. The widow had no right in the matter. Swift v. R., P. & F. C. Ben. As., 96 Ill. 309.

When the contract is between the insurer and the insured, the latter may sell, change or assign the policy. Cole v. Marple, 98 Ill. 58; Johnson v. Van Epps, 110 Ill. 551.

CONGER, J. This was a bill in chancery filed by appellant against appellee, representing that on the 18th day of June, 1878, Arthur W. Argust, the then husband of appellant, insured his life for $5,000, and for the benefit of appellant; that about the 25th day of May, 1884, the said Argust, without the knowledge or consent of appellant, surrendered to the company said policy, and in lieu thereof received a new policy, payable to his two children, Bertram C. and Wm. H. Argust. It further alleges that her husband died and the amount of the policy was paid to appellee as the guardian of the children. The bill prays an accounting and that said fund be paid to her by the guardian.

A demurrer was sustained to the bill, and it was dismissed. We think there are no grounds shown by the bill giving a court of equity jurisdiction.

If appellant had a vested interest in the original policy, which neither her husband nor the insurance company had a right to destroy, we see no reason why she might not proceed in a proper action at law against the company to test her right thereto.

There is, however, no privity between herself and appellee, and for that reason no action could be maintained against him.     *Affirmed.*